Patrick Gibbons
vs.                    } W. C. A. No. 685
United Electric
Railways Company

December 4, 1926

TANNER, P. J. This is a petition in which it is sought to recover for injuries resulting from the freezing of the petitioner's toes while he was engaged in shovelling snow from the tracks of the defendant company. The petitioner was hired for the emergency and was obliged to work for twenty-four hours consecutively in shovelling snow from the tracks of the defendant company.

The first defence offered by the defendant is that the statutory notice of the injuries was not given. No written notice was given but within two days after receiving the injuries, the petitioner notified the foreman on the job of the injuries he had received. This, we think, was sufficient evidence of knowledge which, under the decisions, dispenses with the written notice.

Murphy's case, 226 Mass., page 60.

Bloom's case, 22 Mass., page 434.

It is also claimed by the defendant that such a happening was not an accident and did not arise out of the employment. While the decisions differ, we think that the better opinion is that such an occurrence was an accident and did arise out of the employment. It can not be said that the petitioner was exposed to the same condition as the general public. He was obliged to work for twenty-four hours continuously and through the night, thereby being subjected to an extraordinary condition.

Doherty vs. Employers' Liability Ins. Corp., reported cases under the Mass. Workmen's Compensation Act, July 1, 1913 to June 30, 1914, Vol. 2.

It is claimed further that the employment was of a casual nature and

an employment otherwise than for the purposes of the employer's trade or business. The employment may have been casual but we think it was for the purposes of the employer's business. While the petitioner was not directly and immediately engaged in the business of transportation, the work which he did was necessary to enable the company to engage in its business of transportation. The employees who repair defendant's tracks and those who take care of and repair its cars in the barns are not directly engaged in the business of transportation but their work is quite necessary for that purpose.

We think, therefore, that the petitioner is entitled to a decree.

For petitioner: Joseph J. Cunningham.

For respondent: Clifford Whipple, Earl A. Sweeney.

